## MATTHEW McKERNAN *vs.* JOHN McDONALD.

1. To hold a defendant to bail under the "act respecting imprisonment for debt in cases of frauds," the fraud must be clearly proved by such testimony as would be legal in a court of justice.

McKernan v. McDonald.

2. Under the act respecting imprisonment for debt in cases of fraud, the affidavit may be taken before any person competent to take the same, and the order may be made by any judge or commissioner to whom the affidavit may be exhibited.

On motion to discharge on common bail.

The facts of the above case sufficiently appear in the opinion of the court.

Argued at February Term, 1859, before Justices HAINES and CLAWSON.

The opinion of the court was delivered by

CLAWSON, J. It appears, by the affidavits in this case, that John McDonald contracted with plaintiff for certain goods, and promised and agreed to give his promissory note at six months, with a good endorser, to plaintiff, for the value of the same; that he gave his note, payable to the order of the plaintiff at the Hudson County Bank, purporting to be endorsed by Mary McDonald. When the note became due, it was protested for non-payment, and notice of protest was sent to Mary McDonald. It is also proved by the affidavit of Patrick John McGwirk, that he took the note, at the request of McKernan, to Mary McDonald, and, showing it to her, she stated "that the signature on the back was not hers; that she could not write; that she had never made her mark to the same, or authorized any one to do it for her, and that the signature was a forgery."

Now here are facts enough to show a fraud sufficient to authorize the issuing of a *capias ad respondendum*, if the same had been made to appear by legal testimony. But it is all hearsay—the mere detail of a conversation between McGwirk and Mary McDonald. If these statements, made by McGwirk in his affidavit, would be admitted as legal testimony in open court to prove the forgery, then they are proper and sufficient evidence in the affidavit upon which the order to hold to bail may be

signed. But such hearsay evidence could by no possible rule be received. It is the mere allegation of Mary McDonald directly in favor of her own interest, and perhaps is just what she might be expected to say, if she felt disposed to endeavor to avoid the responsibility of her endorsement. There is no proof whatever as to the fact that she can or cannot write her name, except her own denial. There is no proof that she did not make her mark upon the back of the note, except her own say-so. There is no proof that it is a forgery, except her own allegation. There is no proof, if it is a forgery, that John McDonald committed it, or knew that it was a forgery. This is the only fraud that is pretended, or attempted to be proved; and there being no legal evidence of this, the defendant must be discharged upon common bail.

Another objection made to these proceedings, which perhaps should be noticed, is, that the affidavits are made before one commissioner, and the order for bail is made by another. It is alleged that the law requires that the same person or officer before whom the affidavits are taken should make the order. The 1st section of the act respecting imprisonment for debt in cases of fraud, (*Nix. Dig.* 330,) provides that the writ of *capias ad respondendum* shall not henceforth be awarded, issued, or served in any action founded upon contract, express or implied, except upon proof made, on oath or affirmation, before a justice of the Supreme Court, or before one of the commissioners, to take bail and affidavits in said court, &c., and establishing, by the oath or affirmation of the plaintiff, or some other person or persons, to the satisfaction of such justice or commissioner, &c. Again, in the same section, we have this language: "and upon such proof being made, it shall be the duty of the justice or commissioner before whom such proof (*not such affidavits*) of all or any of the said particulars shall have been made, to make an order," &c.

It is claimed, by defendant's counsel, that this language

of the 1st section requires that the same justice or commissioner who takes the affidavit should make the order. Now this is obviously not the liberal or fair construction of the section. The word affidavit is nowhere used in the 1st section in connection with either officer named; but where it speaks of filing with the clerk, there the proof previously mentioned is called "affidavits." The mere making of an affidavit, in strictly legal form, is not necessarily making the proof mentioned in the act. If an affidavit be taken and sworn to before any officer authorized to take affidavits, and that affidavit be afterwards used in a court of justice, the presentation of the affidavit, completed as it is, is making proof. The written affidavit, with its contents, is the evidence, and the presentation of it, before whomsoever the same may have been taken, to the judge or commissioner, upon application for the order, is making proof before him, within the meaning of the act. Such an affidavit, when presented to the justice or commissioner, is just as much proof before him as would be the affidavit of a person taken out of the state in pursuance of the 6th section of the act. If it were held to be the meaning of the act, that the same judge or commissioner who takes the affidavit shall make the order, it would be attended, in many cases, with great expense and difficulty, and perhaps a delay, in case of distant witnesses, that would result in the loss of the claim.

CITED *in Painter* v. *Houston,* 4 *Dutch.* 121.